## CIRCUIT COURT OF THE CITY OF CHARLOTTESVILLE

Sullivan Mechanical
Contractors, Inc.

v.

Barlows, Inc., et al.

September 5, 1991

Case No. (Law) 4860

By JUDGE JAY T. SWETT

This case concerns the applicability of Virginia's arbitration statutes, §§ 8.01-577 and 8.01-581.01 to 8.01-581.016. Procedurally, the matter is before the court on plaintiff's motion for summary judgment in which it contends that there are no arbitrable disputes between the parties and that the plaintiff is entitled to judgment as a matter of law. The defendant's position is that this litigation must be stayed pending a determination by an arbitrator of all contractual disputes between the parties.

In February of 1990, the Commonwealth of Virginia contracted with the defendant, Barlows, Inc., to construct and/or renovate an "MRI Interiors Package" in conjunction with the University of Virginia Hospital. On April 24, 1990, Barlows subcontracted a portion of this work to the plaintiff, Sullivan Mechanical Contractors, Inc. The contract price was $264,787.00. Sullivan started work in May of 1990 and completed the work in December of 1990.

Under the parties' agreement, Barlows was to make periodic progress payments to Sullivan. Apparently, Barlows made its last payment on November 8, 1990. Sullivan continued to work until its work was completed. Sullivan demanded payment for the balance due under the contract, $81,486.34. After several demands went unheeded, Sullivan filed suit

on April 26, 1991. Barlows demurred citing the arbitration clause in the agreement, requested a stay of its suit and an order compelling the parties to submit to arbitration. Barlows then filed an answer after its demurrer was overruled but still requests an order to stay this litigation and to compel arbitration. In response to Barlows' answer and motion to compel arbitration, Sullivan has filed a motion for summary judgment arguing that, as a matter of law, there are no issues to submit to arbitration.

There are two separate but related issues to resolve. The first is whether the parties have agreed to arbitrate and, if so, is the dispute one in which the parties agreed to submit to arbitration. The parties agree that this court is the appropriate forum for a presubmission judicial determination of arbitrability issues. *John Wiley & Sons v. Livingston*, 376 U.S. 543, 546-47 (1964); *Doyle & Russell v. Roanoke Hospital*, 213 Va. 489, 494 (1973). The second is whether there are "procedural arbitration issues to be decided that would cause this court not to compel arbitration.

The contract between Sullivan and Barlows contains a broad arbitration clause. Article VI, paragraph 6.1, states that "[a]ny controversy or claim between the Contractor and the Subcontractor arising out of or related to this Subcontract, or the breach thereof, shall be settled by arbitration . . . ." Here, Sullivan contends that Barlows has breached the April 24, 1990, agreement because Barlows has failed to make the payments due under the contract. Although the contract provided a specific remedy to Sullivan to cease work in the event of nonpayment, Sullivan chose to continue working until the job was completed. Sullivan has offered no explanation why it did not elect to invoke the stop-work clause under paragraph 4.7.1, but that is not of importance here.

After the work was completed and Barlows refused to pay Sullivan the balance due, Sullivan made additional written demands on Barlows and on the University, but took no other action until it filed suit in this court in April, 1991. The motion for judgment was supported by an affidavit that complied with Va. Code § 8.01-28, thereby requiring a response under oath by the defendant. That response was filed by Barlows on June 14, 1991.

Barlows denied, under oath, that Sullivan was due the $81,486.34 on two grounds. The first was that Sullivan had not complied with conditions relating to Sullivan's payments to subcontractors. The second was based on unspecified claims for liquidated damages against Barlows by the owner, a portion of which Barlows contends may be attributable to Sullivan.

The first issue, the question of whether the parties agreed to arbitrate these claims, must be answered in the affirmative. Paragraph 6.1 of the agreement is a comprehensive arbitration clause and provides that "any controversy or claim" between the parties arising out of the contract "or the breach thereof" shall be settled by arbitration. Sullivan claims that Barlows is in breach of the agreement by refusing to pay the balance due.

One cannot seriously argue that this claim is not a controversy arising out of the contract. Sullivan's reliance on *Doyle & Russell, supra,* and *Alascom, Inc. v. ITT North Electric Co.,* 727 F.2d 1419 (9th Cir. 1984), is misplaced. In *Doyle & Russell,* the arbitration clause provided that disputes would be submitted to arbitration and that factual findings by the arbitrator would be binding. In discussing that clause and how it applied to the facts in *Doyle & Russell,* the Court found there were no factual disputes between the parties that would require arbitration. Indeed, the contractor in *Doyle & Russell,* the party seeking the order to compel arbitration, conceded that its claim for additional compensation was not based on factual matters and what was at issue was a question of law. Based on the language of the arbitration clause in *Doyle & Russell,* and given the contractor's position that only a question of law was at issue, the Court affirmed the trial court's decision to deny the contractor's request to submit the legal issue to arbitration. In *Alascom, Inc., supra,* the arbitration clause was a very limited one and completely different from the broad arbitration clause contained in this contract.

Sullivan's second contention is more troublesome. Sullivan argues that even if the dispute is subject to the arbitration clause, Sullivan is nevertheless entitled to summary judgment because Barlows has failed to follow certain notice or procedural requirements called for under the contract and has in effect waived its right for an

order to compel the parties to arbitrate. The principal contractual clause at issue is paragraph 10.1.4.

> Subcontractor shall insure that all Sub-contractors, employees and suppliers, at all times, are paid all amounts due in connection with the performance of this Subcontract. After the first partial payment hereunder, Barlows, Inc., shall have the right to withhold any subsequent partial payments until Subcontractor submits evidence satisfactory to Barlows, Inc., that all previous amounts owed in connection with performance of this Subcontract have been paid. Barlows, Inc., may withhold specific amounts otherwise due under this agreement provided that Barlows notifies Sullivan Mechanical in writing of this [sic] valid reason[s] as to why amounts are being withheld and further agrees to render payment upon completion or correction of this problem.

Sullivan contends, and Barlows does not deny, that when Barlows withheld progress payments, it did not notify Sullivan in writing regarding the reasons payments were withheld. In fact, Sullivan contends, and Barlows does not deny, that the first time Barlows gave a reason why payments were withheld was when it filed its answer to Sullivan's motion for judgment in this suit some six months after it stopped making payments. However, Barlows also contends that Sullivan has not complied with the provisions of paragraph 12.2 of the agreement in which the subcontractor is required to submit evidence that all of its debts connected with its work have been satisfied which, Barlows argues, is a condition precedent to final payment. Again, apparently that issue was raised for the first time when Barlows filed its answer.

Sullivan argues that there is no factual dispute that Barlows has failed to comply with the notice requirements in 10.1.4. Accordingly, relying again on *Doyle & Russell* and *United Paper Workers v. Chase Bag*, 222 Va. 224 (1981), Sullivan wants this court to decide the "procedural question" raised by Barlows' failure to file the notice called for in 10.1.4.

Sullivan's argument is meritorious at least from a perspective of fairness. Barlows' actions to date raise questions regarding its conduct under this contract. For example, once Sullivan finished work and demanded final payment, Barlows apparently withheld payment without any reason given to Sullivan even though Barlows had received a substantial payment from the University, a portion of which was for work performed by Sullivan and its subcontractors. Barlows held this money apparently without explanation or justification. It now contends that Sullivan did not comply with conditions in the contract. However, these reasons were never disclosed to Sullivan nor did Barlows invoke the arbitration clause to resolve whether Sullivan was in breach, except in response to Sullivan's suit.

However, while this court is sympathetic to Sullivan's position, the contract between the parties is what controls. Here, disputes exist between the parties arising out of their agreement. They agreed to arbitrate all such disputes. While it appears that Barlows has not complied with certain notice requirements under the agreement, such procedural questions cannot be addressed in a vacuum since Barlows also raises other defenses to nonpayment which contain no notice requirement.

*United Paperworkers, supra,* does not aid Sullivan at this juncture. *United Paperworkers* stands for the proposition that where a trial court is asked to confirm or set aside an arbitration award, that court may consider procedural as well as substantive matters as a basis to set aside or confirm an arbitration award. 232 at 327. Our case is closer to *John Wiley & Sons v. Livingston,* 376 U.S. 543 (1964), distinguished in *United Paperworkers, supra.* This case is at the prearbitration stage and there exist "intertwined issues" of substance and procedure which are appropriate for the arbitrator to resolve.

In summary, the parties did agree to have all disputes arising under the subcontract settled by arbitration. Whether Sullivan is due its final payment necessarily requires a construction of the contract including the correctness of Barlows' defenses to nonpayment. Having agreed to arbitrate such matters, Sullivan must be bound by that agreement even though it may not be to its liking.

Sullivan's motion for summary judgment is denied. An appropriate order will be entered staying this litigation

and ordering the parties to comply with the arbitration clause in the agreement.